UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAULA J. LA PIERRE,

   Plaintiff,

v.                                                               CASE NO.:

NATIONWIDE MUTUAL INSURANCE
COMPANY

   Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, NATIONWIDE MUTUAL INSURANCE COMPANY, by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes to this Court the action filed against them in the Sixth Judicial Circuit in and for Pinellas County, Florida, Civil Division, Case Number 22-005478-CI. As grounds for removal of this action to the United States District Court for the Middle District of Florida, Tampa Division, Defendant states as follows:

1. On or about November 17, 2022, Plaintiff filed a lawsuit in the Sixth Judicial Circuit in and for Pinellas County, Civil Division, styled PAULA J. LA PIERRE, Plaintiff, v. NATIONWIDE MUTUAL INSURANCE COMPANY, a Foreign Profit Corporation, Defendant, Case Number 22-005478-CI (hereinafter referred to as the "State Court Action").

2. A copy of all process, substantive pleadings, orders, and discovery served in the State Court Action are attached hereto as **Exhibit "A"**.

### I.  JURISDICTION

3. This Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and this action may be removed pursuant to 28 U.S.C. § 1441, because 1) there is complete diversity of citizenship between Plaintiff and Defendant; and 2) the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

4. Defendant first received notice of the State Court Action when it was served with Plaintiff's Complaint on December 7, 2022.

5. This Notice is timely filed as it is filed within thirty (30) days of service of Plaintiff's Complaint on Defendant.

6. Venue of this removal is proper under 28 U.S.C. § 1441(a) to the Middle District of Florida, Tampa Division, because the Circuit Court of Pinellas County, Florida is within the Middle District of Florida, Tampa Division.

7. Written notice of this filing is being promptly given to counsel for Plaintiff and Notice of Removal is being promptly filed with the Clerk of Court for the Sixth Judicial Circuit in and for Pinellas County, Florida as required by 28 U.S.C. § 1446(d). A copy of this Notice is attached hereto as **Exhibit "B"**.

**A. Diversity of Citizenship**

8. Removal to this Court is proper because Plaintiff and Defendant are of diverse citizenship.

9. Plaintiff pleads in her Complaint that she was a resident of Florida "at all times relevant to" this cause of action. *See* Pl.'s Compl. at ¶ 2, attached hereto as part of **Exhibit "A"**. "There is a presumption that the state in which a person resides at a given time is also that person's domicile for purposes of diversity jurisdiction." *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp.

2d 1349, 1355 (M.D. Fla. 2001). Since there is a lack of any allegation that the Plaintiff was domiciled or a citizen of anywhere but Florida, the Court may presume, until controverted by fact, that the Plaintiff is domiciled in Florida and is a citizen of Florida. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011). Therefore, for diversity determination, Plaintiff's citizenship is established in Florida.

10. Defendant NATIONWIDE MUTUAL INSURANCE COMPANY is a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Ohio. *See* Nationwide Foreign Profit Corporation Annual Report, attached hereto as **Exhibit "C"**. For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court has concluded that a company's "principal place of business refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). A corporation's principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id*. at 93. For diversity jurisdiction and removal purposes, Defendant is a citizen of Ohio. *See* Ex. C.

11. Therefore, because Plaintiff and Defendant are citizens of different states, complete diversity exists under 28 U.S.C. § 1332.

**B. Amount in Controversy**

12. Further, the amount in controversy, upon information and belief, exceeds $75,000.00 exclusive or interest and costs as required by 28 U.S.C. § 1332.

13.     Plaintiff's Complaint asserts that she has "suffered and/or will continue to suffer" bodily injury, resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of care and treatment, lost wages, and loss of ability to earn money. *See* Pl.'s Compl. ¶ 17. Plaintiff further asserts that "[t]hese losses are either permanent or continuing in nature and, as such, Plaintiff will continue to suffer these losses in the future." Pl.'s Compl. ¶ 18. The remainder of the Complaint does not describe the alleged injuries and damages with any further specificity.

14.     Prior to this lawsuit being filed, however, Plaintiff provided Defendant with written documentation supporting the amount in controversy in this matter is in excess of the requisite jurisdictional amount. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007); *see also Jade E. Towers Developers v. Nationwide Mut. Ins. Co.*, 936 F. Supp. 890, 892 (N.D. Fla. 1996) (holding that a defendant may utilize information from a pre-suit demand letter to support removal).

15.     Therefore, in support of this Notice of Removal, Defendants have attached a copy of Plaintiff's pre-suit demand letter dated April 8, 2022. *See* Demand Letter, attached hereto as **Exhibit "D"**. In that letter, Plaintiff's counsel outlines in detail the extent of Plaintiff's injuries, treatment, and economic damages. Specifically, Plaintiff claims pain to her neck, mid-back, left chest wall, and left shoulder/arm. Ex. D at 1–2. She has been diagnosed with the following: concussion/post-concussion syndrome, cervical strain/sprain, cervical radiculopathy, cervical disc displacement, chest well tenderness, thoracic strain/sprain, thoracic radiculopathy, thoracic disc displacement, lumbar strain/sprain, lumbar radiculopathy, lumbar disc displacement, left rotator cuff tear, left shoulder impingement, and left shoulder strain/sprain. *Id.* at 2–3.

16. The demand letter also listed $30,457.04 in past medical bills, while noting that Plaintiff continues to treat for her accident-related injuries and the total past medical bills do not include "future care or past care for which we have not yet received billing information." *Id.* at 3. The letter further outlines Plaintiff's "past pain and suffering and future pain and suffering." *Id.* at 3–4.

17. The demand letter seeks a sum of $250,000, noting that "[s]uch payment would take into consideration all past, present, and future medical bills, lost wages and pain and suffering." *Id.* at 4.

18. Most importantly, Plaintiff's counsel subsequently provided Defendant with records from an additional provider indicating that Plaintiff underwent a left shoulder arthroscopy, subacromial decompression, and distal clavicle excision on June 3, 2022. A copy of the Itemized Statement is attached hereto as **Exhibit "E"**. Included in these records is an itemized statement totaling $63,704.36 in medical bills that are in addition to the $30,457.04 in past medical bills provided in Plaintiff's demand letter. *Id.*

19. Further, as is evidenced by the declarations page attached to the Complaint, the uninsured/underinsured motorist liability coverage at issue in this case is $250,000. *See* Pl.'s Compl.

20. The United States Supreme Court has held that when damages are not specified in the state-court complaint, the defendant seeking removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(a)). If a plaintiff contests the defendant's allegation, removal is proper on the basis of an amount in controversy asserted by the defendant "'if the district court finds, by the preponderance of the evidence, that

the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553–54 (quoting 28 U.S.C. § 1446(c)(2)(B)); *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). A removing defendant is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

21. In determining the amount in controversy, district courts are permitted to make "reasonable deductions" and "reasonable inferences," and need not "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount." *Id.* at 770. "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062–63.

22. Therefore, based on the totality of Plaintiff's allegations, including those in the Complaint, those itemized in the demand regarding her alleged injuries, past medical bills, and future medical needs as well as Plaintiff's and Plaintiff's suit puts the amount in controversy above the requirement of $75,000.00 in order for this case to be removed.

23. Therefore, based on the information provided in Plaintiff's demand letter regarding her alleged injuries, past medical bills, and future medical needs as well as Plaintiff's June 2022 left shoulder surgery, Defendant has established that the amount-in-controversy in this case is greater than $75,000.00 by a preponderance of the evidence.

WHEREFORE, Defendant NATIONWIDE MUTUAL INSURANCE COMPANY respectfully requests that the action now pending in the Sixth Judicial Circuit in and for Pinellas County, Florida be removed to the United States District Court for the Middle District of Florida,

Tampa Division, and further request that this Court assume jurisdiction over this action as provided by law.

Dated: January 6, 2023

Respectfully submitted,

By: /s/ Trevor T. Rhodes
Trevor T. Rhodes, Esquire
FBN: 0020573
Banker Lopez Gassler P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Phone: (813) 221-1500
Fax: (813) 222-3066
Email: service-trhodes@bankerlopez.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above and foregoing was filed via electronic filing via the CM/ECF system and has been furnished by e-mail delivery to: Jeremy Clark, Esquire, Attorney for Plaintiff, (jeremy@tampabayfloridalawyers.com, CLARK LAW, 10812 Gandy Blvd., St. Petersburg, FL 33702) on January 6, 2023.

By: /s/ Trevor T. Rhodes
Trevor T. Rhodes, Esquire
FBN: 0020573
Banker Lopez Gassler P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Phone: (813) 221-1500
Fax: (813) 222-3066
Email: service-trhodes@bankerlopez.com
*Attorney for Defendant*